UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FAITH ANNE COPE, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) CAUSE NO. 3:11-CV-394-RLM-CAN |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| DEFENDANT. | ) |

OPINION and ORDER

Faith Anne Cope filed a claim for Social Security disability benefits which the Agency denied. She was given a hearing in front of an Administrative Law Judge and that led to a denial of benefits. At Ms. Cope's request, the Social Security Appeals Council remanded the matter to the ALJ to conduct another hearing after Ms. Cope demonstrated that she was in a "brain fog" during the first hearing. She attended the second hearing with both her husband, to help her remember and testify, and legal counsel, but the ALJ again denied the claim. The next application to the Appeals Council was denied and Ms. Cope filed this suit under 42 U.S.C. § 405(g) asking for review of the Social Security Administration's final decision. The Agency agrees that the denial by the Appeals Council was the final decision of the Agency and that the appeal is properly before this court. The Commissioner opposes modification or reversal of the Agency's decision.

In her complaint, Ms. Cope takes issue with the fact that the ALJ didn't address her fused back and carpal tunnel syndrome and that he missed symptoms in the doctor's records. In her opening brief, Ms. Cope focuses on whether she was able to convey to the ALJ how much she can lift, whether her work at a restaurant job reflects her ability to work, and whether her role as a mother home-schooling her children reflects on her ability to work.

The ALJ is entrusted with weighing the evidence and resolving conflicts, and making findings of fact. Powers v. Apfel, 207 F.3d 431, 434 (7th Cir. 2000). When the court reviews the ALJ's findings, it doesn't overturn the ALJ if his findings of fact were based on substantial evidence. Id. (*citing* Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A. FUSED BACK

Ms. Cope's complaint says that the ALJ didn't make a record about her fused back, but she doesn't address this directly in her opening brief. The ALJ did address, in some detail, the fact that Ms. Cope has "Harrington Rods" installed in her back to combat the effects of scoliosis. In fact, the ALJ found Ms. Cope's scoliosis to be a severe impairment, as defined by 20 C.F.R. 404.1520(c). Her back problems, combined with her fibromyalgia (which the ALJ also deemed a severe impairment), led the ALJ to limit Ms. Cope's ability to work to "light exertion level." He found that she could occasionally lift up to 20 pounds.

Ms. Cope contends that the ALJ's finding about her back is wrong because the ALJ relied on her statement in the first hearing that she could lift up to 20 pounds. In the second hearing, when her husband and attorney accompanied her, she opted not to correct the misinformation because, she says, her attorney told her that if she contradicted her earlier testimony, she would appear to be lying. The ALJ wrote,

> The Administrative Law Judge has taken the claimant's limitations into account by limiting her to work at the light exertional level. This residual functional capacity finding takes into account that during the relevant period the claimant's scoliosis caused occasional back pain; her testimony that she could not lift more than 20 pounds; and the references in the testimony and evidence to the fact that heavy work caused the claimant fatigue and pain.

Rec., at 14.

Ms. Cope didn't cite to any objectively verifiable medical evidence in the record that would lead to a finding that she couldn't do any work, so the ALJ had to combine the available medical evidence and Ms. Cope's own assertions to draw a conclusion. When a record lacks objective medical evidence from which an ALJ can draw a conclusion about a physical limitation, he must evaluate the credibility of the claimant's statements about how limited she is. The ALJ based his findings on a combination of the lack of objective medical evidence and a doubt about the credibility of Ms. Cope's statements concerning the intensity, persistence, and limiting effects of her conditions. When an ALJ gives reasons that he made a credibility finding, the court will affirm that finding except where it's "patently wrong." Sharbek v. Barnhart, 390 F.3d 500,

504-505 (7th Cir. 2004) (*quoting* Zurawski v. Halter, 245 F.3d 881, 887 (7th Cir. 2001)).

Because Ms. Cope hasn't pointed to medical evidence she claims the ALJ disregarded, the thrust of her dispute is with the ALJ's credibility finding when he doubted her own assessment of the intensity, persistence, and limiting effects of her conditions. The ALJ saw a conflict between, on one hand, the testimony of Ms. Cope and her husband about how limiting her conditions were, and, on the other hand, the medical evidence in the record (including the lack of objective medical evidence on certain topics). This conflict led the ALJ to doubt the credibility of Ms. Cope and her husband regarding how the conditions impacted her ability to work. He based the credibility doubt on Ms. Cope's homeschooling one of her children, Ms. Cope's work history in the restaurant industry even when she couldn't work at the factory, Ms. Cope's primary care physician's lack of any firm medical findings to support an opinion that she is disabled, and a lack of objective medical evidence including negative results from diagnostic and imaging tests. The ALJ based his finding, then, on the record of evidence and explained his reasons. Further, Ms. Cope's claim that she couldn't be honest at the second hearing about how little weight she could lift because she was afraid it would lead the ALJ to think she was lying at the first hearing doesn't lead the court to say the ALJ's credibility finding was wrong. Because he listed reasons for his credibility finding, the court is left without a reason to find that the credibility finding was "patently wrong." Sharbek v. Barnhart, 390 F.3d at 504.

Because Ms. Cope hasn't set forth any reason to overturn the ALJ's credibility finding regarding Ms. Cope's assertion of how intense, persistent, and limiting her conditions are and has pointed to no objective medical evidence of the intensity, persistence, and limiting effects of her conditions that the ALJ has failed to consider, the court doesn't have a basis for overturning the ALJ's decision on this point.

B. CARPAL TUNNEL SYNDROME

Ms. Cope asserts that the ALJ didn't address her carpal tunnel syndrome, but the record indicates he did address it, however briefly. *See* Rec., at 14 ("As noted in the prior decision, no evidence is available to support the claimant's allegations of disability due to carpal tunnel syndrome."). The record supports the ALJ's position as well. Ms. Cope hasn't pointed to anywhere in the record where carpal tunnel syndrome is identified as a disabling condition and the court can't find a mention of carpal tunnel in a medical diagnosis or on From SSA-3368, Rec., at 155, which Ms. Cope used to apply for disability benefits. The subject of carpal tunnel syndrome came up during the first ALJ hearing on November 19, 2008, when Ms. Cope explained to the ALJ that she left her factory job and returned to waitressing because her carpal tunnel syndrome limited her ability to do the repetitive factory work. Rec., at 242. At the second ALJ hearing, the ALJ reviewed his notes of the 2008 hearing and confirmed the prior testimony, "You also testified that as a result you couldn't do repetitive things with your hands." Rec., at 255. She confirmed. Ms. Cope hasn't pointed to any other mention of carpal tunnel syndrome in the medical records or other evidence showing that wrist pain or lack of wrist mobility was disabling. Thus, the court has no basis for overturning the ALJ's finding that the record doesn't support disability based on carpal tunnel syndrome.

C. CONCLUSION

Reviews of the denial of Social Security disability benefits under 42 U.S.C. § 405(g) are deferential to the findings made by the ALJ. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). The ALJ's decision was articulate, detailed, and well supported by the medical evidence. Where the ALJ made credibility findings, he documented his reasons for doing so. The court DECLINES Ms. Cope's request to remand this action for further proceedings and AFFIRMS the ALJ's denial of benefits.

SO ORDERED.

ENTERED: August 13, 2012

/s/ Robert L. Miller, Jr.
Judge
United States District Court